IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PRISCILLA QUANDER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-12-1932 |
| HILLCREST, DAVIDSON, and ASSOCIATES LLC, *et al.*, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

Plaintiff Priscilla Quander ("Plaintiff" or "Quander") has brought this action against Defendants Hillcrest, Davidson, and Associates LLC and Does 1-10 (collectively "Defendants") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*[1] Specifically, Plaintiff alleges that the Defendants engaged in "harassment and abusive tactics" in seeking to collect on a debt she allegedly incurred. Defendant Hillcrest, Davidson, and Associates LLC ("Hillcrest") was the only defendant served in this action. Plaintiff alleges that Does 1-10 are individual collectors employed by Hillcrest who will be joined as parties to this action once their identities are disclosed through discovery.

Pending before this Court are Defendant Hillcrest's Motions to Dismiss the original and amended Complaints and request for attorneys' fees (ECF Nos. 4 & 6). The parties'

---

[1] Plaintiff's original Complaint included additional claims for violations of the Maryland Consumer Debt Collection Act, Maryland Code, Commercial Law § 14-201 *et seq.* and for invasion of privacy by intrusion upon seclusion under Maryland law. However, Plaintiff dismissed these claims upon timely filing her First Amended Complaint pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. Accordingly, only Plaintiff's FDCPA claim remains asserted against Defendants.

1

submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2011).  For the reasons that follow, Defendant Hillcrest, Davidson, and Associates LLC's Motion to Dismiss the original Complaint and Request for Attorneys' Fees (ECF No. 4) is DENIED as MOOT.  Defendant Hillcrest, Davidson, and Associates LLC's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 6) is GRANTED, but its Request for Attorneys' Fees is DENIED.  Additionally, Plaintiff's claims against Defendants are DISMISSED WITHOUT PREJUDICE.

BACKGROUND

This Court accepts as true the facts alleged in the Plaintiff's' Amended Complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).  Plaintiff Priscilla Quander ("Plaintiff" or "Quander") "allegedly incurred" a debt in the "approximate amount of $1,200.00"[2] relating to family, personal and household services provided by Platinum Protection.  Pl.'s 1st Am. Compl. ¶¶ 8-9, ECF No. 5.  According to Plaintiff, at an unknown time, Defendant Hillcrest, Davidson, and Associates LLC ("Hillcrest") became involved with collecting the debt.[3]  *Id.* ¶ 10.  It is not until checking her credit report in May 2012, that Plaintiff allegedly first discovered that Hillcrest had reported the debt.  *Id.* ¶ 12.  She then allegedly immediately contacted Hillcrest in an attempt to resolve this issue but claims that she "was not able to reach an amicable resolution."  *Id.* ¶ 13.

Subsequently, Plaintiff claims that Hillcrest employees called her up to two times a day to collect on the debt.  *Id.* ¶ 14.  She alleges that on the occasions on which she spoke

---

[2] Defendant Hillcrest alleges that the actual amount of the debt is $1,239.99.  Def.'s Mot. to Dismiss Compl. 6, ECF No. 4.
[3] Defendant Hillcrest contends that a letter dated July 7, 2011 was sent to Plaintiff advising her that her debt incurred with Platinum Protection, LLC had been assigned to it for purposes of collection.  Def.'s Mot. to Dismiss Compl. 6; *see also* Def.'s Mot. to Dismiss Compl., Ex. 1, ECF No. 4-1.

with them, they "used bullying tactics . . . [spoke] with loud and aggressive tone[s], accus[ed] her] of being lazy and [of failing to] pay[ ] her bills." *Id.* ¶ 15. She further claims that she was falsely accused of seeking to evade collection by changing her phone number every year when in fact she has allegedly had the same number for the last ten years. *Id.* Additionally, Plaintiff describes a particular instance when a Hillcrest employee allegedly stated that he would keep calling her until the debt was paid. *Id.* ¶ 16. This, Plaintiff claims, caused her to "feel oppressed, frustrated and scared." *Id.* Moreover, she alleges that another Hillcrest employee made a misrepresentation to her when he or she allegedly stated that the debt would remain on her credit report for seven years. *Id.* ¶ 17. Furthermore, she claims that when she sought to speak to a supervisor, the supervisor pretended that the line was cutting out in order to avoid speaking with her. *Id.* ¶ 18. Finally, she alleges that Hillcrest "failed to send her a letter informing her of her rights" pursuant to 15 U.S.C. § 1692g. *Id.* ¶ 20.

In support of her claim against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, Plaintiff also alleges that she "suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct." *Id.* ¶ 21. Specifically, she claims that she "continues to suffer humiliation, anger, fear, frustration and embarrassment . . . [and that] Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency . . ." *Id.* ¶¶ 22-23. Additionally, her one count Amended Complaint alleges that Defendants conduct precisely violated 15 U.S.C. §§ 1692d(2) & (5), e(8), g(a).

STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). In ruling on such a motion, this Court is guided by the Supreme Court's instructions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) which "require complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's *Twombly* decision articulated "[t]wo working principles" courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678.

First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim.). Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Id.* at 679. Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial

4

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim.") (emphasis in original) (internal quotation marks and citation omitted). In short, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief." *Iqbal*, 556 U.S. at 664.

## ANALYSIS

The Fair Debt Collection Practices Act ("FDCPA") safeguards consumers from abusive and deceptive debt collection practices by debt collectors. *Spencer v. Hendersen-Webb, Inc.,* 81 F. Supp. 2d 582, 590 (D. Md. 1999) (*citing United States v. Nat'l Fin. Servs. Inc.,* 98 F.3d 131, 135 (4th Cir. 1996)). The FDCPA covers debt collectors who "regularly collect or attempt to collect, directly or indirectly, [consumer] debts owed or due or asserted to be owed or due another." *Heintz v. Jenkins,* 514 U.S. 291, 294 (1995) (*quoting* 15 U.S.C. § 1692a(6)). It is well established that the "threshold requirement for application of the FDCPA is that prohibited practices are used in an attempt to collect a debt." *Mabe v. G.C. Servs. Ltd. P'ship,* 32 F.3d 86, 88 (4th Cir. 1994). The FDCPA is a strict liability statute and a consumer only has to prove one violation to trigger liability. *Spencer,* 81 F. Supp. 2d at 590-91.

In this case, there is no dispute that Plaintiff Priscilla Quander ("Plaintiff" or "Quander") is a "consumer" and Defendant Hillcrest, Davidson, and Associates LLC

("Hillcrest") is a "debt collector" within the meaning of the Fair Debt Collection Practices Act. *See* 15 U.S.C. §§ 1692a(3) & (6). However, Defendant Hillcrest contends that Plaintiff's Amended Complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

First, Plaintiff alleges that Hillcrest violated 15 U.S.C. § 1692d. This provision prohibits the debtor from engaging in conduct "the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Specifically, a debtor may not "use obscene or profane language or language the natural consequence of which is to abuse the hearer or reader." *Id.* § 1692d(2). Moreover, a debtor cannot "[c]aus[e] the telephone to ring or engag[e] a person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." *Id.* § 1692d(5). "[C]laims under § 1692d should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985).

Plaintiff alleges that Defendant used "bullying tactics," spoke to her "in a loud and aggressive tone," and accused her of "being lazy and not paying her bills." She also claims that Defendant engaged in "harassment and abusive tactics" by calling her up to two times a day. However, Plaintiff fails to allege the specific statements that would constitute harassment such as the use of specific profane language or a statement that would demonstrate an intent to annoy. Alleging that the Defendant harassed and abused Plaintiff is merely "a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265,

286 (1986). Additionally, Plaintiff does not allege that the calls were made at an unreasonable time or hour or in an unreasonable manner. She merely alleges that Defendant "placed up to two collection calls per day" and also states in her response that she did not always answer these calls. Pl.'s 1st Am. Compl. ¶ 14, ECF No. 5; Pl.'s Resp. at 2 n. 1, ECF No. 9. As this Court has previously noted, "[w]hether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls." *Akalwadi v. Risk Management Alternatives, Inc.*, 336 F. Supp. 2d 492, 505 (D. Md. 2004) (citing *Kuhn v. Account Control Tech., Inc.*, 865 F. Supp. 1443, 1453 (D. Nev. 1994) (holding six phone calls in a span of twenty-four minutes to be harassment in violation of § 1692d(5)) and *Bingham v. Collection Bureau, Inc.*, 505 F. Supp. 864, 873 (D. N.D. 1981) (holding that a call within minutes of the termination of a previous call could constitute harassment under § 1692d(5))). Accordingly, Plaintiff's Complaint only contains "[t]hreadbare recitals of the elements of [the] cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff has failed to allege a plausible cause of action under 15 U.S.C. § 1692d.

Second, Plaintiff claims that Hillcrest violated 15 U.S.C. § 1692e(8) which prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false . . ." 15 U.S.C. § 1692e(8). To that effect, Plaintiff alleges that one of Hillcrest's employees misrepresented that Plaintiff's debt would remain on her credit report for seven years. Plaintiff further alleges that this statement was "false [because] at the time the statement was made the debt would not have been able to remain on Plaintiff's credit report for an *additional* seven years." Pl.'s 1st Am. Compl. ¶ 17,

ECF No. 6 (emphasis added). Under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, consumer reporting agencies may not report "[a]ccounts placed for collection or charged to profit and loss which antedate the report by more than seven years." 15 U.S.C. § 1681c(a)(4). Plaintiff's allegation fails to demonstrate that the Hillcrest employee was violating this provision or for that matter that the Hillcrest employee was threatening her with that statement. Plaintiff supplements her claim with the term "additional," but does not allege that the employee specifically stated that the debt would figure on her report for more than seven years. The facts alleged merely indicate that Hillcrest's employee was probably restating the applicable law. Accordingly, Plaintiff has failed to allege a violation of 15 U.S.C. § 1692e(8).

Finally, Plaintiff contends that Hillcrest violated 15 U.S.C. § 1692g(a) in that it failed to send a letter to Plaintiff within five days of its initial contact with her. According to that provision, "[w]ithin five days after initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication . . . send the consumer a written notice . . . ." 15 U.S.C. § 1692(a). Initially, Plaintiff alleges never having received any letter advising her of her rights. However, Defendant provided a copy of the letter it sent to Plaintiff on July 7, 2011 as an exhibit to its first Motion to Dismiss (ECF No. 4-1). In response, Plaintiff claims that the letter was never mailed to her and was "created just for this litigation." Pl.'s Resp. at 10, ECF No. 9. In order to state a claim, the plausibility standard requires "[f]actual allegations [sufficient] to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The bold contention that Defendants intentionally fabricated the July

7, 2011 letter filed with this Court is not only more than speculative—it is absolutely unsubstantiated. Therefore Plaintiff fails to sufficiently allege that Hillcrest violated 15 U.S.C. § 1692g(a).

As such, Plaintiff's Amended Complaint fails to sufficiently allege that the Defendants "engaged in an act or omission prohibited by the FDCPA." *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759 (D. Md. 2012). Plaintiff's Complaint only contains "[t]hreadbare recitals of the elements of [the] cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, Plaintiff has failed to allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. Therefore, Plaintiff's claims under the Fair Debt Collections Practices Act are DISMISSED WITHOUT PREJUDICE. The Defendants' Request for Attorneys' Fees fails to comply with the requirements of Local Rule 109.2 of this Court and will accordingly be DENIED.

CONCLUSION

For the reasons stated above, Defendant Hillcrest, Davidson, and Associates LLC's Motion to Dismiss the original Complaint and Request for Attorneys' Fees (ECF No. 4) is DENIED as MOOT.  Defendant Hillcrest, Davidson, and Associates LLC's Motion to Dismiss First Amended Complaint (ECF No. 6) is GRANTED, but its Request for Attorneys' Fees is DENIED.  Additionally, Plaintiff's claims against Defendants are DISMISSED WITHOUT PREJUDICE.

A separate Order follows.

Dated:     December 27, 2012                /s/_____
                                            Richard D. Bennett
                                            United States District Judge